ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| LESLIE DIANNE VELÁZQUEZ CARABALLO, BRENDA IVELISSE VELÁZQUEZ CARABALLO<br><br>Peticionarios<br><br>V.<br><br>JAVIER VELÁZQUEZ MONTALVO, JANNETTE VELÁZQUEZ MONTALVO<br><br>Recurridos | KLCE202401271 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Mayagüez<br><br>Caso Núm. SB2022CV00025<br><br>Sala: 200<br><br>Sobre:<br><br>DIVICIÓN O LIQUIDACIÓN DE LA COMUNIDAD DE BIENES HEREDITARIOS |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

**Rivera Pérez, Jueza Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de enero de 2025.

Comparecen ante este Tribunal las Sras. Leslie Velázquez Caraballo y Brenda Velázquez Caraballo (en adelante, peticionarias) mediante un recurso de *certiorari*, solicitando la revisión de la *Resolución* emitida el 19 de septiembre de 2024 y notificada el 11 de octubre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez ("TPI"). Mediante dicha resolución, el TPI concedió costas, gastos y honorarios de abogados a favor de la parte demandada.

Por lo fundamentos que exponemos a continuación, resolvemos expedir el recurso de *certiorari* y revocar la resolución recurrida.

**I**

El 5 de marzo de 2022, las peticionarias presentaron una demanda de división de herencia en contra de sus hermanos, Javier

Número Identificador

SEN2025_____

Velásquez Montalvo y Jeanette Vázquez Montalvo (en adelante, recurridos).[1] Tras diversos incidentes procesales, el TPI emitió una *Sentencia* el 24 de junio de 2024, la cual fue notificada el 26 de junio de 2024.[2] En dicha sentencia, se desestimó el caso por falta de parte indispensable, a solicitud de los recurridos y sin oposición de las peticionarias.

El 25 de junio de 2024, los recurridos presentaron una *"Moción en torno a celebración de vista y solicitud de pago de gastos, costas y honorarios de abogado"*, acompañada de un *"Memorando de Costas"*.[3]

El 26 de junio de 2024, el TPI señaló una vista argumentativa para discutir estas mociones, la cual tuvo lugar el 19 de septiembre de 2024.[4] En dicha vista, las peticionarias argumentaron que las mociones no procedían como cuestión de derecho, al no cumplir con lo establecido en la Regla 44.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1, que regula los plazos para solicitar costas, gastos y honorarios de abogado. A pesar de estos señalamientos, el TPI resolvió ese mismo día conceder a los recurridos el pago de costas y gastos por un monto de $1,246.28 y honorarios de abogado por un monto de $3,000. Esta resolución fue notificada el 11 de octubre de 2024.[5] En su dictamen, el TPI concluyó lo siguiente:

> "En el caso de autos, la parte demandante retiró su solicitud de parte indispensable. Tuvo la oportunidad de enmendar la demanda, y optó por el desistimiento. Esto provocó que las partes, en un caso de División de Herencia de aproximadamente 2 años de litigio, salieran sin un remedio por el tribunal. Luego de haber incurrido en los gastos que conlleva este tipo de litigación."

El 16 de octubre de 2024, los peticionarios presentaron una *"Moción Solicitando Reconsideración"*, la cual fue declarada "No Ha

---

[1] Apéndice de la *Petición de Certiorari*, a las págs. 1A y 1-3.
[2] Apéndice de la *Petición de Certiorari*, a las págs. 67A y 67-74.
[3] Apéndice de la *Petición de Certiorari*, a las págs. 75-78 y 79-81.
[4] Apéndice de la *Petición de Certiorari*, a la pág. 82.
[5] Apéndice de la *Petición de Certiorari*, a las págs. 83A y 83-85.

Lugar" por el TPI mediante la *Resolución Interlocutoria* emitida el 28 de octubre de 2024 y notificada el 29 de octubre de 2024.[6]

En desacuerdo con la determinación del TPI, las peticionarias acudieron ante nosotros el 22 de noviembre de 2024 mediante el presente recurso de *Petición de Certiorari*. En su escrito, señalan los errores siguientes:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCEDER A LA PARTE DEMANDADA, LAS COSTAS Y GASTOS DEL PLEITO, SIN QUE SE HUBIESE CUMPLIDO CON EL TÉRMINO JURISDICCIONAL DE LA REGLA 44.1(b) DE PROCEDIMIENTO CIVIL.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL IMPONER A LA PARTE DEMANDANTE EL PAGO DE HONORARIOS DE ABOGADO SIN QUE SE HUBIESE CUMPLIDO CON EL TÉRMINO JURISDICCIONAL DE LA REGLA 44.1(b) DE PROCEDIMIENTO CIVIL.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL IMPONER A LA PARTE DEMANDANTE EL PAGO DE HONORARIOS DE ABOGADO SIN QUE SE HUBIESE HECHO DETERMINACIONES DE HECHOS EN LA SENTENCIA SOBRE ESE ASPECTO.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL IMPONER A LA PARTE DEMANDANTE EL PAGO DE HONORARIOS DE ABOGADO CUANDO EL PROPIO TRIBUNAL HABIA CONCLUIDO QUE LA PARTE DEMANDANTE NO HABIA INCURRIDO EN TEMERIDAD O VIOLACIÓN AL CANON 17 DE ETICA PROFESIONAL.

El 3 de diciembre de 2024, emitimos una *Resolución* concediéndole un término de diez (10) días a la parte recurrida para exponer su posición respecto al recurso.

Transcurrido el término concedido a la parte recurrida, sin que esta haya comparecido, procedemos a resolver el recurso sin contar con el beneficio de su posición.

**II**

**A.**

La expedición de un recurso de *certiorari* para revisar órdenes y resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia está limitada por la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. Esta Regla establece que el recurso de *certiorari*

---

[6] Apéndice de la *Petición de Certiorari*, a las págs. 85-88, 89A y 89.

"solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 [Remedios Provisionales] y 57 [*Injunction*] o de la denegatoria de una moción de carácter dispositivo." *Íd.* Por excepción, la Regla 52.1 de Procedimiento Civil, *supra,* también autoriza la revisión de órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos de interés público o cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.[7] *Íd.* Se reconoce, "que ciertas determinaciones interlocutorias pueden afectar sustancialmente el resultado del pleito o tener efectos limitativos para la defensa o reclamación de una parte o conllevar cuestiones neurálgicas o de política pública que deben estar sujetos a revisión de forma inmediata." R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil,* 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 533.

Conforme establece la Regla 52.1 de Procedimiento Civil, *supra,* "[c]ualquier otra resolución u orden interlocutoria dictada por el Tribunal de Primera Instancia podrá ser revisada mediante el recurso de apelación que se presente contra la sentencia final dictada por el Tribunal de Primera Instancia, sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales."

Resulta necesario destacar que "[l]a característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 209 (2023), citando a *IG*

---

[7] Estas disposiciones fueron incorporadas a la Regla 52.1 de Procedimiento Civil de 2009, *supra,* mediante la Ley Núm. 220-2009 y la Ley Núm. 177-2010.

*Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). En el ámbito judicial, el concepto discreción ha sido definido como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una condición justiciera." *IG Builders et al. v. BBVAPR*, supra, pág. 338; *García v. Padró*, 165 DPR 324, 334-335 (2005); *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990).

El Tribunal Supremo ha señalado que la discreción del Tribunal de Apelaciones para expedir un auto de *certiorari* no debe ejercerse de manera aislada en abstracción del resto del Derecho. *Íd*. En ese sentido, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, enmarca los criterios que el Tribunal de Apelaciones deberá tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Esta Regla dispone lo siguiente:

> "El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia." Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

Lo anterior implica que la determinación de expedición del auto de *certiorari* deber ser evaluada en el contexto de todos los

derechos aplicables y bajo las pautas específicas que la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* proporciona.

**B.**

La Regla 44.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1, atiende lo concerniente al pago de costas y honorarios de abogado en un pleito de naturaleza civil. Con relación a las costas, dicha regla dispone lo siguiente:

> "(a) *Su concesión. —* Las costas le serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión, excepto en aquellos casos en que se disponga lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son los gastos incurridos necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra.
>
> (b) *Cómo se concederán. —* La parte que reclame el pago de costas presentará al tribunal y notificará a la parte contraria, dentro del término de diez (10) días contados a partir del archivo en autos de copia de la notificación de la sentencia, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios incurridos durante la tramitación del pleito o procedimiento. El memorándum de costas se presentará bajo juramento de parte o mediante certificación del abogado o abogada y consignará que, según el entender de la parte reclamante o de su abogado o abogada, las partidas de gastos incluidas son correctas y que todos los desembolsos eran necesarios para la tramitación del pleito o procedimiento. Si no hubiese impugnación, el tribunal aprobara el memorándum de costas y podrá eliminar cualquier partida que considere improcedente, luego de conceder a la parte solicitante la oportunidad de justificarlas. Cualquier parte que no esté conforme con las costas reclamadas podrá impugnarlas en todo o en parte, dentro del término de diez (10) días contados a partir de aquel en que se le notifique el memorándum de costas. El tribunal, luego de considerar la posición de las partes, resolverá la impugnación. La resolución del Tribunal de Primera Instancia podrá ser revisada por el Tribunal de Apelaciones mediante el recurso de certiorari. De haberse instado un recurso contra la sentencia, la revisión de la resolución sobre costas deberá consolidarse con dicho recurso.

En reiteradas ocasiones, el Tribunal Supremo ha señalado que la parte prevaleciente en el pleito tiene un término jurisdiccional de diez (10) días para presentar un memorando de costas ante el foro primario. *ELA v. El Ojo de Agua Development*, 205 DPR 502, 528

(2020); *Rosario Domínguez et als. v. ELA et al*, 198 DPR 197 (2017). Por lo cual, este plazo es improrrogable y su cumplimiento tardío priva al tribunal de autoridad para considerar y aprobar las costas reclamadas. *Íd.*

La naturaleza jurisdiccional del término para presentar un memorando de costas surge en virtud de la Regla 68.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 68.2, y sus predecesoras. La referida Regla dispone que:

> "Cuando por estas reglas o por una notificación dada en virtud de sus disposiciones, o por una orden del tribunal se requiera o permita la realización de un acto en o dentro de un plazo especificado, el tribunal podrá, por justa causa, en cualquier momento y en el ejercicio de su discreción: (1) previa moción o notificación, o sin ellas, ordenar que se prorrogue o acorte el término si así se solicita antes de expirar el término originalmente prescrito o según prorrogado por orden anterior, o (2) en virtud de moción presentada después de haber expirado el plazo especificado, permitir que el acto se realice si la omisión se debió a justa causa, pero no podrá prorrogar o reducir el plazo para actuar bajo las disposiciones de las Reglas 43.1, 44.1, 47, 48.2, 48.4, 49.2 y 52.2 todas, salvo lo dispuesto en las mismas bajo las condiciones en ellas prescritas."

Conforme a lo anterior, los plazos establecidos en determinadas reglas son improrrogables, entre ellos, los provistos en la Regla 44.1 concernientes a la tramitación del memorando de costas. *ELA v. El Ojo de Agua Development*, supra; *Rosario Domínguez et als. v. ELA et al*, supra.

Al respecto, en *Rosario Domínguez et als. v. ELA et al*, supra, pág. 218, el Tribunal Supremo aclaró lo siguiente:

> "[N]o es menester que se consigne específicamente la palabra "jurisdiccional" para establecer que un término es improrrogable, fatal e insubsanable. Como adelantáramos, la naturaleza jurisdiccional de un requisito procesal puede desprenderse de la letra clara de la ley o por implicación necesaria e inequívoca de la misma. En este caso, ésta surge expresamente de la Regla 68.2. En ausencia de alguna disposición en contrario, los plazos bajo la Regla 44.1(b) son jurisdiccionales."

Por otra parte, en lo pertinente a los honorarios, la Regla 44.1 de Procedimiento Civil, *supra,* dispone lo siguiente:

"(d) *Honorarios de abogado.* — En caso [de] que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta." Regla 44.1 (d) de Procedimiento Civil, *supra.*

El Tribunal Supremo ha establecido que "la condena en honorarios de abogado es imperativa cuando el tribunal sentenciador concluye que un parte ha sido temeraria" *Rivera v. Tiendas Pitusa, Inc.,* 148 DPR 695 (1999) (citando *a Montañez Cruz v. Metropolitana Cons. Corp.,* 87 DPR 38 (1962). Además, ha señalado que, "[e]n ausencia de una conclusión expresa a tales efectos, un pronunciamiento en la sentencia condenando al pago de honorarios de abogado, implica que el tribunal sentenciador consideró temeraria a la parte así condenada [...]". *Íd.* En consecuencia, al imponerle dichos honorarios, el tribunal de instancia realiza, de manera implícita, una determinación de temeridad. *Íd.*

El Tribunal Supremo ha indicado que "el concepto de temeridad se refiere a las actuaciones de una parte que hacen necesario un pleito que se pudo evitar o que provocan la indebida prolongación del mismo". *Colón Santos v. Coop. Seg. Múlt. P. R.,* 173 DPR 170, 188 (2008) (citando a *Blás v. Hosp. Guadalupe,* 146 DPR 267, 335 (1998)). Véase, además, *S.L.G. Flores-Jiménez v. Colberg,* 173 DPR 843, 867 (2008).

La imposición de honorarios de abogado y su cuantía es una determinación discrecional del tribunal sentenciador, sólo revisable ante indicios de abuso de discreción por parte del juzgador. *Íd.* Sin embargo, una vez determinada la existencia de temeridad, la imposición del pago de honorarios de abogado es mandatoria. *Íd.*

**III**

En su recurso de *certiorari,* las peticionarias señalan que el TPI incurrió en error al conceder a los recurridos el pago de costas

y gastos del pleito, así como honorarios de abogados, sin que se hubiese cumplido con el término jurisdiccional establecido en la Regla 44.1(b) de Procedimiento Civil, *supra*. Asimismo, alegan que el TPI impuso el pago de honorarios sin realizar determinaciones de hecho en la sentencia sobre este aspecto. Finalmente, cuestionan que se ordenara dicho pago a pesar de que el propio tribunal concluyó que las peticionarias no incurrieron en temeridad ni en violación al Canon 17 de Ética Profesional.

Al respecto, las peticionarias argumentan en su recurso que nuestro Tribunal Supremo ha resuelto que el término de diez (10) días contados a partir del archivo en autos de copia de la notificación de la sentencia establecido en la Regla 44.1(b) de Procedimiento Civil, *supra*, para presentar al tribunal y notificar a la parte contraria un *memorándum* de costas, es de naturaleza jurisdiccional. En relación con ello, señalan que, en el presente caso, los recurridos presentaron un *memorándum* de costas el 25 de junio de 2024, a pesar de que, para esa fecha, el TPI aún no había notificado la sentencia emitida el 24 de junio de 2024, la cual fue notificada el 26 de junio de 2024. Por consiguiente, los recurridos no presentaron su *memorándum* de costas dentro del término jurisdiccional que establece la Regla 44.1(b) de Procedimiento Civil, *supra*. En virtud de ello, el TPI carecía de jurisdicción para emitir cualquier determinación sobre la solicitud de los recurridos. Además, destacaron que los recurridos pudieron haber radicado nuevamente su *memorándum* de costas una vez se notificó la sentencia, pero no lo hicieron.

Con relación a los errores relacionados a la concesión de honorarios de abogado por temeridad, las peticionarias argumentan en su recurso que, debido a que la *Sentencia* del 24 de junio de 2024 no disponía el pago de honorarios de abogado, los recurridos estaban obligados a solicitar la reconsideración de dicha sentencia

en lo relativo a este aspecto. Sin embargo, los recurridos no presentaron tal solicitud, por lo que la concesión de honorarios realizada por el TPI no procedía como cuestión de derecho, dado que la sentencia ya había adquirido carácter final y firme al momento en que se emitió la resolución.

Asimismo, las peticionarias argumentan que, incluso si los recurridos hubieran solicitado oportunamente la reconsideración de la sentencia para que el TPI realizara determinaciones de hecho sobre el pago de honorarios, dicha concesión tampoco habría procedido. Esto se debe a que el propio tribunal había concluido previamente que no existía temeridad, frivolidad ni violación de algún canon de ética profesional por parte de las peticionarias. Señalaron que esta determinación fue realizada durante la vista argumentativa del 11 de junio de 2024, cuando el TPI expresó, según se reseñó en la minuta, que "[e]l tribunal no puede concluir que en efecto el licenciado Figueroa ocultó información, entiende que hubo falta de comunicación entre las partes."

Examinado el presente recurso presentado por las peticionarias, este Tribunal resuelve que el TPI erró al atender y adjudicar un memorando de costas presentado de forma prematura, antes de que comenzara a correr el término de diez (10) días establecido en la Regla 44.1 de Procedimiento Civil, *supra*, contados a partir del archivo en autos de la notificación de la sentencia.

El término de diez (10) días tiene carácter jurisdiccional y deber ser observado estrictamente para garantizar el debido proceso y la equidad entre las partes. *ELA v. El Ojo de Agua Development*, supra; *Rosario Domínguez et als. v. ELA et al*, supra. Al adjudicar el memorando presentado antes de que se iniciara dicho plazo, el TPI excedió su autoridad, ya que no contaba con jurisdicción para evaluar y resolver dicha solicitud en ese momento.

Este Tribunal enfatiza que el cumplimiento estricto de los términos procesales no solo asegura la correcta administración de la justicia, sino que también protege los derechos de todas las partes involucradas. Por lo tanto, la adjudicación realizada por el TPI en estas circunstancias resulta improcedente y contraria a derecho.

En cuanto a los honorarios, según lo dispuesto por la Regla 44.1(d) de Procedimiento Civil, *supra*, los honorarios de abogado deben ser impuestos como parte de la sentencia. Por lo tanto, permitir una imposición posterior implicaría un incumplimiento de esta normativa, lo que comprometería el respeto al debido proceso.

Por otro lado, los recurridos tuvieron la oportunidad procesal de solicitar una reconsideración con el propósito de enmendar la omisión en la sentencia. Al no hacerlo, quedó establecida la firmeza de la misma, sin incluir los honorarios de abogado. Esto refuerza la conclusión de que el TPI carecía de jurisdicción para abordar este asunto en una etapa posterior.

Finalmente, las reglas procesales tienen como objetivo garantizar la certeza y la seguridad jurídica en el desarrollo de los procedimientos judiciales. Permitir que se impongan honorarios mediante una solicitud posterior generaría incertidumbre y vulneraría la previsibilidad que estas normas buscan promover. Por estas razones, se revoca la determinación del TPI que impone honorarios de abogado después de dictada la sentencia, dado que esta acción contraviene la Regla 44.1(d) de Procedimiento Civil, *supra*, y los principios fundamentales del proceso judicial.

Por los fundamentos anteriormente expuestos se expide el auto de *certiorari*, se revoca la resolución recurrida y se deja sin efecto la concesión de costas y la imposición de honorarios.

**IV**

Por lo fundamentos expuestos, resolvemos expedir el recurso de *certiorari* y revocar la resolución recurrida.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones